IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN E. SOLDANI,

        Plaintiff,

v.                                      CIVIL ACTION NO.  2:05-cv-00680

MAYFLOWER VEHICLE SYSTEMS, INC., et. al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are the motions of the plaintiff, John E. Soldani, to remand this action to state court [Docket 4] and for attorney's fees [Docket 6].  Because the court **FINDS** that the defendants have failed to establish that the plaintiff fraudulently joined defendant Bill Long, complete diversity does not exist and the court is without jurisdiction.  *See* 28 U.S.C. § 1332 (2002).  Accordingly, the court **GRANTS** the plaintiff's motion to remand.  The court also **GRANTS** the plaintiff's motion for attorney's fees.

**I.  Background**

A brief recitation of the facts is necessary to determine whether the plaintiff fraudulently joined Mr. Long.  Mr. Soldani, a resident of Kanawha County, West Virginia, filed a complaint in the Circuit Court of Kanawha County against Mayflower Vehicle Systems Inc. (Mayflower), Union Stamping and Assembly, Inc. (Union), Roadlease Vehicle Systems, Inc., and Bill Long.

In his complaint the plaintiff alleged that he was an employee of Callos Group II, LLC on June 10, 2004 and that on that date he was working on a press and dye stamping machine inside of Mayflower's facility. The plaintiff claims that Mr. Long (an employee responsible for safety standards at Mayflower) and Mayflower knew that the stamping machine plaintiff was using that day was defective and dangerous. The plaintiff alleges that Mr. Long and Mayflower instructed plaintiff to work on the machine without giving warning to the plaintiff that the machine was dangerous and defective. The plaintiff states that while he was working on the machine, the machine amputated his right index finger. The plaintiff alleges that Mayflower and Mr. Long were both negligent in failing to warn plaintiff of the dangerous condition of the stamping machine.

On August 19, 2005, the defendants filed a joint notice of removal alleging the fraudulent joinder of the only non-diverse party, Bill Long. The defendants claim that the plaintiff cannot possibly recover from Mr. Long, and as a result, was named as a defendant solely to destroy diversity jurisdiction. The plaintiff has filed a timely motion to remand, arguing that Mr. Long had not been fraudulently joined. On September 2, Mr. Long filed a motion to dismiss pursuant to Rule 12(b)(6) of the federal rules of civil procedure.

## II.  Discussion

The sole issue before the court for jurisdictional purposes is whether the defendants, as the removing parties, have established that the plaintiff fraudulently joined Mr. Long. As explained below, the defendants' claim of fraudulent joinder is without merit.

Diversity jurisdiction requires "complete diversity" of citizenship between the parties to a controversy. 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Accordingly, no party involved in a diversity suit may share common citizenship with an opposing party. *Id*.

However, the judicially created "fraudulent joinder" doctrine provides an exception to the complete diversity requirement, allowing a district court to assume jurisdiction even if there are nondiverse defendants at the time of removal. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-33 (4th Cir. 1993). A finding of fraudulent joinder "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

> To show that a nondiverse defendant has been fraudulently joined:
>
>> the removing party must establish either: [t]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

*Id.* at 464. Accordingly, the removing party bears a heavy burden, as it "must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Marshall*, 6 F.3d at 232-33. Moreover, the court need not limit its jurisdictional inquiry to the facts alleged in the pleadings; the entire record may be considered as a whole in determining whether there is a basis for joinder. *Mayes*, 198 F.3d at 464 (*citing AIDS Counseling and Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990)). As the Fourth Circuit has recognized, the fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Id.* (quoting *Hartley v. CSX Transp., Inc*., 187 F.3d 422, 424 (4th Cir. 1999)).

The defendants do not assert that fraud in the pleading has occurred, instead they claim that Mr. Long was fraudulently joined because no cause of action exists against Mr. Long. The defendants claim that under West Virginia law, an employee cannot be sued for an act done in

-3-

furtherance or within the scope of his or her employment. They argue that any act done solely in connection with employment can only be attributed to Mayflower. While the defendants do not cite any West Virginia case law that stands for this proposition, the defendants cite *Ramey v. Martin-Baker Aircraft Co.,* 874 F.2d 946 (4th Cir. 1989), in support of this proposition. Because *Ramey* is a Fourth Circuit case interpreting Maryland tort law, *Ramey* does not affirmatively demonstrate that under West Virginia common law an employee cannot be sued for an act done within the scope of his or her employment. To the contrary, the West Virginia Supreme Court has held that "an agent or employee can be held personally liable for his own torts against third parties and this personal liability is independent of his agency or employee relationship*."* *Musgrove v. Hickory Inn*, 281 S.E.2d 499, 501 (W. Va. 1981). The fact that an employee is acting individually or as an agent has no bearing on the liability of the employee. *Id.* at 501-02. *See also Barath v. Performance Trucking Inc*., 424 S.E.2d 602 (W. Va. 1992) (holding that both an employer and employee can be liable for the acts of the employee). Thus, the defendants' contention that Mr. Long could not be held liable because he was acting within the scope of his employment has no support under West Virginia common law. *See McKean v. Wal-Mart Stores*, 2005 WL 1785260, 3 (S.D.W. Va. 2005)(holding that fraudulent joinder had not occurred when plaintiff sued an employer and in-state employee for negligence because recovery from the employee is possible under West Virginia state law).

Next, the defendants argue that Mr. Long is statutorily immune from suit pursuant to W. Va. Code § 23-2-6 and § 23-2-6a. W. Va. Code § 23-2-6 states that employers who subscribe to workers compensation are immune from personal injury actions brought by employees. W. Va. Code § 23-2-6 (2004). W. Va. Code § 23-2-6a states that this immunity "shall extend to every officer, manager, agent, representative, or employee of such employer when he is acting in furtherance of the

-4-

employer's business and does not inflict an injury with deliberate intention." W. Va. Code § 23-2-6a (2004). The defendants claim that the plaintiff was a "loaned servant" which should be treated as an employee for the purposes of workers compensation. The defendants cite a Fourth Circuit case which, using West Virginia law, held that a "loaned servant" can fall under workers compensation laws and therefore be foreclosed from suing the loaning employer. *Maynard v. Kenova Chemical Co.*, 626 F.2d 359 (4th Cir. 1980). The defendants urge this court to hold that the plaintiff was a "loaned servant" like the one in *Maynard*, and therefore Mr. Long is immune pursuant to West Virginia workers compensation laws.

The defendants failed to cite a three-prong test, set forth in *Maynard,* used to determine whether a "loaned servant" exists.[1] The defendants have not demonstrated how plaintiff's work affirmatively passes this three-prong test. Viewing the entire record, as well as the law, in the light most favorable to the plaintiff, this court cannot determine that a "loaned servant" existed for the purposes of workers compensation laws. As a result, this court cannot adopt defendant's position that Mr. Long is immune from plaintiff's suit under West Virginia workers compensation laws.

To prove fraudulent joinder, the defendants must demonstrate that the plaintiff has no possibility of recovery against Mr. Long. Defendants have failed to meet this requirement. Accordingly, the court **FINDS** that the defendants have failed to establish that the plaintiff fraudulently joined Mr. Long. Because Mr. Long is a nondiverse defendant, the court is without

---

[1] A loaned servant exists if "(a) the employee has made a contract of hire, express or implied, with the special employer; (b) the work being done is essentially that of the special employer; and (c) the special employer has the right to control the details of the work." *Id.* at 362.

jurisdiction to entertain the action for lack of complete diversity of citizenship.[2] Mr. Jackson's motion to remand the action to the Circuit Court of Kanawha County, West Virginia is hereby **GRANTED**.

### III.  Attorneys Fees

Plaintiff, pursuant to 28 U.S.C. § 1447(c)(2002), additionally move for payment of attorney's fees, associated with the removal.  Plaintiff's attorney has filed an affidavit stating the amount of hours and the hourly rate attributed to the plaintiff.

Title 28 U.S.C. § 1447(c) provides, in part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."  The award of such costs and expenses is discretionary.  *Gibson v. Tinkey*, 822 F. Supp. 347, 348 (S.D.W. Va. 1993).  Under section 1447(c), a particular state of mind or improper purpose are not necessary for an award of attorney's fees.  *Id.* at 349.  Here, plaintiff has demonstrated that this case was improperly removed by the defendants and was contrary to well-settled authority.

Plaintiff's attorney states in his affidavit that he worked a total of 9.6 hours on the motion to remand and the memorandum in support of the motion to remand.  Additionally, plaintiff's attorney states that his hourly rate is $175.00 an hour.  Because award of attorney's fees are discretionary, this court may conclude that the amount of attorneys fees appearing in the affidavit is not appropriate.  The court finds that the hourly rate stated in the affidavit is excessive.  Thus, the court shall grant attorney's fees for 9.6 hours of work at a rate of $150.00 an hour.

 Having considered the nature of removal and remand, this court concludes that an award of attorney's fees is appropriate.  Accordingly, the court **GRANTS** plaintiff's motion for payment of

---

[2] Therefore, the court lacks jurisdiction to rule on the defendants' motion to dismiss.

**attorney's fees of $1,440.00.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:       September 29, 2005

                JOSEPH R. GOODWIN
                UNITED STATES DISTRICT JUDGE